CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CHRISTIAN LOCKLEY | ) | |
| | ) | Civil Action No. 3:20CV00010 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| DAVID BARREDO, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Christian Lockley, proceeding pro se, commenced this action by filing a form complaint against Albemarle County Juvenile and Domestic Relations District Court Judge David Barredo and Deputy Commonwealth's Attorney Darby Lowe. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

This case appears to arise from a child support enforcement action brought against Lockley in state court. Lockley references Title IV-D of the Social Security Act, 42 U.S.C. §§ 651–669b, which requires states to provide child support enforcement services in return for receiving federal funding for public assistance. Lockley's complaint includes the following summary of his claim:

> My claim is fraud. That Darby Lowe is a IV-D contractor . . . . My claim is David Barredo is a IV-D contractor. I demand witnesses from Attorney General Office . . . . I demand Darby Lowe to provide IV-D contract written in document to the court. I demand a judge that is detached and neutral. I demand all wages immediately with %6 [sic] increase $5,300.

Compl. at 3, ECF No. 2. On the accompanying civil cover sheet, Lockley describes his cause of action as a "federal claim for fraud." Civil Cover Sheet, ECF No. 2-1.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Because Lockley references Title IV-D of the Social Security Act and purports to assert a federal cause of action against public officials, the court construes the complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the complaint fails to state a plausible claim under § 1983 against either of the named defendants.

First, in order to seek redress under § 1983, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law." Blessing v. Firestone, 520 U.S. 329, 340 (1997) (emphasis in original). Because Lockley does not identify a particular right established under

2

Title IV-D of the Social Security Act, he fails to state a plausible claim for relief under § 1983. See id. at 342 ("It was incumbent upon respondents [who alleged violations of Title IV-D] to identify with particularity the rights they claimed, since it is impossible to determine whether Title IV-D, as an undifferentiated whole, gives rise to undefined 'rights.'").

Second, under existing precedent, "judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). By statute, judicial immunity extends not only to claims for damages but also to requests for injunctive relief. See 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); see also Lepelletier v. Tran, 633 F. App'x 126, 127 (4th Cir. 2016) (holding that the plaintiff's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"). The Supreme Court has explained that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted).

In this case, it is clear from the complaint that Lockley's claim against Judge Barredo is based on acts taken in Judge Barredo's judicial capacity. Moreover, the complaint is devoid of any allegations suggesting that Judge Barredo "acted in the clear absence of all jurisdiction." Id. Under Virginia law, Judge Barredo and other judges of the Juvenile & Domestic Relations District Court have jurisdiction to adjudicate matters involving the custody, visitation, support, control or disposition of a child. See Va. Code § 16.1-241. Even if Judge Barredo somehow erred in

3

exercising his judicial authority, he is still entitled to absolute immunity. See King, 973 F.2d at 357 (emphasizing that "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors'") (quoting Stump, 435 U.S. at 359). Accordingly, any claim against Judge Barredo under § 1983 must be dismissed.*

To the extent that Lowe was acting as an advocate for the Commonwealth at all times relevant to this action, the court likewise concludes that any claim for damages against Lowe is barred by the doctrine of prosecutorial immunity. See Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) ("In Imbler v. Pachtman, 424 U.S. 409, 430–32 (1976), the Supreme Court held that prosecutors are absolutely immune from damages liability when they act as advocates for the State.").

## Conclusion

For the reasons stated, the court will grant Lockley's motion for leave to proceed in forma pauperis. However, his complaint will be dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 16th day of March, 2020.

_____
Senior United States District Judge

---

* The court notes that any issues Lockley has with Judge Barredo's rulings can be raised "through the 'ordinary mechanisms of review' provided by the courts of the Commonwealth of Virginia." Rickman v. Logan, No. 5:14-cv-00011, 2014 U.S. Dist. LEXIS 58009, at *7 (W.D. Va. Apr. 24, 2014) (quoting Forrester v. White, 484 U.S. 219, 227 (1988)). To the extent Lockley invites this court to review and reject Judge Barredo's rulings, the court does not have the authority to do so. See Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 420 (4th Cir. 2016) (explaining that the Rooker-Feldman doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").